ALLEN, C.J.
In this direct appeal in a juvenile case, the appellant, who was a public school student at the time of the alleged delinquent acts, challenges his adjudication of delinquency in one case and revocations of probation in two other cases. The adjudication and revocations were all predicated upon an alleged violation of section 790.163, Florida Statutes. Concluding that the appellant’s threats to school officials that he would “blow up” or “burn down” his school at some time in the future did not amount to a violation of this statute, we reverse the order by which the appellant was adjudicated delinquent and the orders by which his probations were revoked.
Section 790.163 provides:
It is unlawful for any person to make a false report, with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, dynamite, or other deadly explosive; and any person convicted thereof is guilty of a felony of the second *1043 degree, punishable as- provided in s. 775.082, s. 775.083, or s. 775.084.
As has been observed by the Second District, this statute was designed to criminalize “the type of hoax which has come to be known as a ‘bomb scare’.” Grizzard v. State, 139 So.2d 161, 162 (Fla. 2d DCA 1962). The statute is therefore violated when a person knowingly makes a false report that a bomb or other deadly explosive has been placed or planted. Consequently, threats to take some action in the future, such as occurred in the present case, are not violations of the statute.
Maryland’s highest court recently dealt with a case in which a very similar statute had been applied to convict a defendant under circumstances virtually identical to those involved in the present case. Based on his threat to “blow up” a bank building, the appellant in Moosavi v. State, 355 Md. 651, 736 A.2d 285 (1999), was convicted under Maryland Code (1957, 1996 Repl. Vol.), Article 27, § 151A, which provides as follows:
A person is guilty of a misdemeanor if, knowing the statement to be false, he circulates or transmits to another or others, with intent that it be acted upon, a statement or rumor, written, printed, or by word of mouth, concerning the location or possible detonation of a bomb or other explosive.
In concluding that Moosavi had not violated the statute, the court reasoned as follows:
The crux of the offense under § 151A is the transmittal or circulation of a statement or rumor, knowing the statement or rumor to be false, and intending that it be acted upon, “concerning the location or possible detonation of a bomb or other explosive.” The statute, by its plain language, is aimed at those telephoning, mailing, or otherwise transmitting false bomb scare rumors or statements, intending to create havoc by, for example, having buildings evacuated and police bomb squads summonsed.
[[Image here]]
As a matter of plain English, there is a distinction between a statement that “there is a bomb in the building” and a statement, such as Moosavi’s, that “I’m going to blow up the [building].” ... That Moosavi was charged with § 151A ignores the clear difference between the commonly understood meaning of the words “false statement or rumor” and the plain meaning of the word “threat.”
The term “false statement” encompasses statements which are “knowingly false,” and made “with purpose to mislead or deceive.” Black’s Law Dictionary at 602 (6th ed.1990). A “rumor” is a “story passing from one person to another without any known authority for the truth of it.” Id. at 1333. In contrast, a “threat” is a “communicated intent to inflict” harm. Id. at 1480. It defies common sense to view “false statements” and “rumors” as synonyms of “threats.” An individual may truthfully threaten to explode a bomb in a building without making a false statement. Similarly, one may transmit a false statement or rumor that there is a bomb in a building without ever threatening, or communicating an intent, to explode a bomb.
Section 151A punishes the making of particular statements because they are false and extremely disruptive.... The statement by Moosavi that “I’m going to blow up the bank” is not a “false statement or rumor.” ... If anything, his statement suggests an intention or desire to inflict harm, ie., a threat.
Moosavi at 291-92.
Because the appellant’s threats in the present case can likewise not be fairly *1044 characterized as a “false report” under the Florida statute, the orders under review are reversed and this case is remanded.
BROWNING and LEWIS, JJ., concur.