GREEN, J.
This consolidated appeal stems from an adjudication of delinquency and the resulting revocation of probation for prior adju *629 dications. For the following reasons, we reverse.
M.M.H., age 15, was charged by petition of delinquency with resisting a law enforcement officer without violence. Before the hearing, amended affidavits of violation of probation were filed in M.M.H.’s three open cases, alleging that M.M.H. had violated the terms of his probation by allegedly resisting the officer in question without violence.[1]
During the delinquency hearing, the state presented one witness, Officer Emilio Theodoro. He testified that on August 3, 2005, at approximately 11:00 p.m., he responded to a call about “suspicious activity around a suspicious vehicle.” When he arrived at the scene, Officer Theodoro saw a vehicle that matched the description of a stolen vehicle used earlier during an armed robbery. He also noticed that the engine of the vehicle was still hot, and saw the victim’s belongings lying on the grass next to the vehicle.
Officer Theodoro’s partner made contact with the caller who reported the “suspicious vehicle” to the police. Officer Theo-doro then noticed M.M.H. riding a bicycle within close proximity to the vehicle. Officer Theodoro verbally commanded M.M.H. to come over to him to talk. According to the officer, M.M.H. “took off on the bicycle.” M.M.H. was eventually restrained by the police.
M.M.H.’s first and second motions for judgment of acquittal were both denied. After hearing arguments from both sides, the court found M.M.H. guilty as charged, and adjudicated him delinquent. As to the allegations of violating probation, the court stated that:
It is the Court’s intention to make a finding that you have, per se, violated your probation by committing the offense of resisting an officer without violence, because this Court already heard testimony [in the delinquency hearing] and found that you have committed the offense as charged in this case. So at this juncture, on these three ■ [prior] cases, I’m going to adjudicate you delinquent for violating your probation.
The court, thereafter, ordered that M.M.H. be committed to the Department of Juvenile Justice, to be placed in a moderate risk residential program, with conditional release. These appeals followed.
To prove the crime of resisting an officer without violence, the state must establish that the officer was engaged in the lawful scope of his or her duties. See B.D.H. v. State, 903 So.2d 390 (Fla. 3d DCA 2005). To meet this burden, the state claims that Officer Theodoro was acting within the lawful scope of his duty and that the adjudication of delinquency should be affirmed. We disagree.
In this case, Officer Theodoro was responding to a call about a suspicious vehicle and found M.M.H. in close proximity to that vehicle. The officer commanded M.M.H. to talk to him, and M.M.H. fled the scene.
Generally, flight, standing alone, does not constitute the crime of resisting without violence. D.T.B. v. State, 892 So.2d 522 (Fla. 3d DCA 2004). To do so, the state must prove that “(1) the officer had an articulable well-founded suspicion of criminal activity that justifies the officer’s detention of the defendant, and (2) the defendant fled with knowledge that the officer intended to detain him or her.” Id. at 524 (quoting V.L. v. State, 790 So.2d 1140, 1142-43 (Fla. 5th DCA 2001)). See *630 also D.G. v. State, 831 So.2d 256, 257 (Fla. 3d DCA 2002)(“Absent reasonable suspicion of the commission of a crime, a person has an affirmative right to avoid police contact.”). Moreover, even if a person is within a suspected crime area, flight itself, is insufficient to justify an arrest for resisting arrest without violence. See D.M. v. State, 681 So.2d 797 (Fla. 2d DCA 1996)(passenger of stopped car who fled from police not guilty of obstruction without violence); S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995)(presence at scene of auto theft followed by flight when police approached insufficient to justify finding that juvenile resisted arrest without violence). Here, there is nothing in the record to demonstrate that Officer Theodoro had an “articulable well-founded suspicion of criminal activity” to justify stopping M.M.H.
 Absent consent, a police officer may temporarily detain a person if the officer has a reasonable, well-founded, ar-ticulable suspicion that the person has committed, or is about to commit a crime. See State v. Taylor, 826 So.2d 399, 402 (Fla. 3d DCA 2002)(citing Popple v. State, 626 So.2d 185, 186 (Fla.1993)). Because we find that Officer Theodoro had no lawful basis to detain M.M.H., his adjudication of delinquency must be vacated. Moreover, since M.M.H.’s probation was revoked solely on the grounds that he had been adjudicated delinquent in this case, we reverse that order and instruct the court to reinstate the initial terms of M.M.H.’s probation.
Reversed and remanded with instructions.

. M.M.H. had previously entered a plea of nolo contendere in three petitions unrelated to this case. He was placed on intensive probation for these cases.