993 So.2d 103 (2008)
J.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-1060.
District Court of Appeal of Florida, Fifth District.
October 17, 2008.
James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and L. Charlene Matthews, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
J.L. was adjudicated delinquent after being found guilty of making a false report concerning the placement of a bomb in violation of section 790.163(1), Florida Statutes (2007). He contends that the State's evidence was insufficient to support a finding of guilt. We agree.
Section 790.163(1) provides:
It is unlawful for any person to make a false report, with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, dynamite, other deadly explosive, or weapon of mass destruction....
The statute is therefore violated when a person knowingly makes a false report that a bomb or other deadly explosive has been placed or planted. By contrast, a threat to plant a bomb in the distant future does not violate this statute. D.B. v. State, 825 So.2d 1042 (Fla. 1st DCA 2002).
In the instant case, the arresting law enforcement officer testified that she had been advised by dispatch that a "bomb threat" had been made to Life Skills Center. After conducting a search, the officer determined that there was no bomb placed at this location. The officer then conducted an investigation which eventually resulted in the questioning of J.L. According to the officer, J.L. "did confess to *104 making a bomb threat." However, even after being given the opportunity to reopen its case, the State failed to present any evidence as to the words actually used in the "bomb threat." Absent some evidence of the words used by J. L., we conclude that the State failed to meet its burden of proof. In so holding, we do not suggest that the State was required to establish the exact words used by J.L. But the State must present more than a witness' conclusionary statement that a "bomb threat" was made. Here, it simply cannot be determined from the evidence whether J.L. knowingly made a false report regarding the placement of a bomb.
REVERSED and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.