CANADY, CHARLES T., Associate Judge.
G.T.J. appeals a juvenile probation order and order withholding adjudication of delinquency for the delinquent acts of assault and battery. Because we conclude that the State failed to rebut G.TJ.’s prima facie case of self-defense and therefore failed to carry its burden to prove the delinquent offenses beyond a reasonable doubt, we reverse and remand.
The undisputed evidence reflects that: (1) G.T.J. was outside an apartment occupied by Francisco Hernandes and Guadalupe Miranda; (2) at some point, an altercation ensued between Hernandes and Miranda and G.T.J. and his friend; (3) Hernandes and Miranda chased G.T.J.; (4) G.T.J. turned and struck one of the victims in the face with a stick; and (5) G.T.J. swung his belt at Hernandes and Miranda, but missed.
Hernandes and Miranda testified that they heard something striking the front door of their apartment and that when they went outside, they spotted G.T.J. and another boy hiding behind a van. G.T.J. was seen holding a rod. Both Hernandes and Miranda testified that they began chasing G.T.J. in order to catch him and hold him until the police arrived. While Miranda initially testified that G.T.J. “started hitting” as soon as the men came out, he later clarified that when he came out of the apartment, G.T.J. was hiding and Miranda began chasing him. Her-nandes testified that it was only after he began chasing G.T.J. that G.T.J. hit him with the rod. Then G.T.J. took off his belt and swung it at both men. Although neither Hernandes nor Miranda were hit by the belt, Miranda testified he was scared because G.T.J. “was aggressive.”
G.T.J. testified that he and a friend were walking past the apartment and the front door was open. G.T.J. testified that his friend said something in Spanish to Her-nandes and Miranda and that at that point, Hernandes came “rushing” at G.T.J. with a knife. G.T.J. testified that when Her-nandes began swinging the knife, G.T.J. began running. According to G.T.J., Her-nandes and Miranda began chasing after him so he picked up the rod. G.T.J. testified that he swung the rod at both men and that when Hernandes put his hand out “like he was going to swing, ... [I] hit him.” G.T.J. testified that one of the men started choking him while the other man grabbed his pants causing his belt to “pop” off. At that point, G.T.J. testified that he “took the belt off and started swinging it at them.” G.T.J. subsequently explained that “I was just trying to run from them, because I didn’t know what else they were going to do” and that he hit Hernandes because “they w[ere] coming after me[.]” Although G.T.J. at one point testified he was not afraid of Hernandes and Miranda, he later clarified that he was scared when Hernandes had the knife. On cross-examination, G.T.J. testified he swung the rod at the men “so they would back up.” On redirect, G.T.J. was asked why he hit Her-nandes with the rod and G.T.J. responded that “it was self-defense.”
Hillsborough County Sheriffs Deputy Robert Brush testified he responded to the scene and saw G.T.J. running. Brush commanded G.T.J. to stop, and G.T.J. complied. Brush testified that when he questioned G.T.J., G.T.J. told him that a Mexican guy came out yelling, that he [G.T.J.] was being chased by the two men, and that he hit one of the men because he was protecting himself.
*1184 Both at the close of the State’s case and at the close of the defense’s case, defense counsel moved for judgment of dismissal, arguing in relevant part that the State failed to exclude the reasonable hypothesis of innocence that G.T.J. was acting in self-defense. The trial court denied the motion. This was error.
A trial court’s decision on a motion for judgment of dismissal is subject to de novo review. E.A.B. v. State, 851 So.2d 308, 310 (Fla. 2d DCA 2003). On such a motion, the evidence must be viewed in the light most favorable to the State, but if the State fails to present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper. Id. (citing Fla. R. Juv. P. 8.110(k); Tillman v. State, 842 So.2d 922, 925 (Fla. 2d DCA 2003)).
“[W]hen [a] defendant presents a prima facie case of self-defense, the State’s burden includes ‘proving beyond a reasonable doubt that the defendant did not act in self-defense.’ ” Fowler v. State, 921 So.2d 708, 711 (Fla. 2d DCA 2006) (quoting Thompson v. State, 552 So.2d 264, 266 (Fla. 2d DCA 1989)). This means the State must overcome the defense by rebuttal or by inference in its case in chief. See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998).
It is true that ordinarily, whether a defendant engaged in a justifiable use of force is a question for the fact finder, see Fowler, 921 So.2d at 711 (citing Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984), superseded by statute on different grounds as stated in Thomas v. State, 918 So.2d 327 (Fla. 1st DCA 2005)), but “when the State’s evidence is legally insufficient to rebut the defendant’s testimony establishing the self-defense, the court must grant a motion for [dismissal^,]” id.; see also E.A.B. v. State, 933 So.2d 676, 679 (Fla. 2d DCA 2006); Geffkin v. State, 820 So.2d 331, 335 (Fla. 4th DCA 2002); W.E.P., Jr. v. State, 790 So.2d 1166, 1172 (Fla. 4th DCA 2001); Rivera, 719 So.2d at 337; Sneed v. State, 580 So.2d 169, 170 (Fla. 4th DCA 1991). Such motions must be granted because “a finding that the evidence is legally insufficient is equivalent to a determination that the prosecution has failed to prove the defendant’s guilt beyond a reasonable doubt.” Brown, 454 So.2d at 599.
Here, G.T.J. presented a prima facie case of self-defense. He provided unre-butted testimony that he swung the rod at Hernandes and Miranda only after the two men began chasing him — with Hernandes brandishing a knife — and that he swung his belt at the two men only after one of the men began choking him. The evidence presented by the State did not rebut the testimony of G.T.J. regarding the aggressive, violent conduct of Hernandes and Miranda. Neither Hernandes nor Miranda denied that Hernandes had threatened G.T.J. with a knife. Nor did they deny that G.T.J. had been choked. The State’s evidence thus was legally insufficient to rebut G.TJ.’s case of self-defense, and the trial court erred by denying G.T.J.’s motion for judgment of dismissal. See E.A.B., 933 So.2d at 678; Sneed, 580 So.2d at 170. We reverse the order and remand with instructions to dismiss the State’s petition for delinquency.
Reversed and remanded.
FULMER and VILLANTI, JJ., Concur.