VILLANTI, Judge.
D.L. seeks review of his adjudications and dispositions in three separate cases, contending that the State failed to prove any of the charges against him. The State has correctly conceded error in all three cases. Therefore, we reverse all three adjudications and remand for discharge.
Case 2D11-29 (circuit case 10-CJ-4443)
In this case, the State originally charged D.L. with obstructing or opposing an officer without violence and trespass. The State subsequently dismissed the trespass charge, but it argued that the obstructing charge was proper because D.L. fled from officers who could lawfully detain him based on an outstanding pickup order. Alternatively, the State argued that the obstructing charge was proper because it had proved that the officers were engaged in the execution of their legal duties when they detained D.L. to investigate the possible trespass charge.
In this appeal, however, the State properly concedes that it could not support the detention based on the pickup order because it did not introduce the order into evidence. See D.W. v. State, 40 So.3d 782, 783 (Fla. 3d DCA 2010) (holding that when the State seeks to prove that an officer is acting in the lawful execution of a legal duty by attempting to make an arrest pursuant to a pickup order, it must introduce the pickup order into evidence). Further, the State properly concedes that it failed to present sufficient evidence to show that the officers had a reasonable suspicion that D.L. was trespassing, see, e.g., Leroy v. State, 982 So.2d 1250, 1252 (Fla. 1st DCA 2008) (holding that mere presence on the property of another is not enough to create a reasonable suspicion that the defendant was trespassing); Williams v. State, 910 So.2d 368, 371 (Fla. 5th DCA 2005) (same), and thus failed to show that the officers were engaged in the lawful execution of their duties when they detained him to investigate that charge. Therefore, we must reverse D.L.’s adjudication in this case.
Case 2D11-30 (circuit case 10-CJ-3346)
In this case, the State charged D.L. with trespass on property other than a structure or conveyance based on his presence at an apartment complex. The State concedes that it failed to prove that D.L. had actual notice that he was not allowed on the property, see § 810.09(l)(a), Fla. Stat. (2010) (requiring proof that notice not to enter upon that property had been given “either by actual communication to the offender or by posting, fencing, or cultivation” of the property), and failed to rebut D.L.’s testimony that he had been invited onto the property by a tenant, see L.D.L. v. State, 569 So.2d 1310, 1312 (Fla. 1st DCA 1990) (holding that “[a] landlord generally does not have the right to deny entry to persons a tenant has invited to come onto his property”). Therefore, we must reverse D.L.’s adjudication in this case.
Case 2D11-31 (circuit case 10-CJ-616)
In this case, the State charged D.L. with obstructing an officer without violence based on D.L. giving a false name to a police officer during a consensual encounter. The State concedes that such actions do not constitute the offense of obstructing an officer without violence under these circumstances. See Sauz v. State, 27 So.3d 226, 227-28 (Fla. 2d DCA 2010). There *826 fore, we must reverse D.L.’s adjudication in this case as well.
Reversed and remanded for discharge.
ALTENBERND and KELLY, JJ., Concur.