NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

J.C.,                                           )
                                                )
            Appellant,                          )
                                                )
v.                                              )        Case No. 2D15-4227
                                                )
STATE OF FLORIDA,                               )
                                                )
            Appellee.                           )
_____)

Opinion filed November 18, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ralph C. Stoddard,
Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal, Assistant
Attorney General, Tampa, for Appellee.


CASANUEVA, Judge.

            J.C., a juvenile, seeks review of a disposition order that withholds

adjudication of delinquency and places him on probation for an indefinite period of time

not to exceed his nineteenth birthday, having been found guilty of burglary, criminal

mischief, and obstructing or opposing an officer without violence.  He challenges the

disposition only as to the offense of obstructing or opposing an officer without violence, arguing that the State failed to prove that the arresting officer was in the lawful execution of a legal duty when he attempted to take J.C. into custody. We agree.

The State must prove two elements to support a conviction for obstructing or opposing an officer without violence: "(1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant's action constituted obstruction or resistance of that lawful duty." C.W. v. State, 76 So. 3d 1093, 1095 (Fla. 3d DCA 2011); see also § 843.02, Fla. Stat. (2014); B.D.H. v. State, 903 So. 2d 390, 391 (Fla. 3d DCA 2005) ("[T]he crime of resisting an officer without violence requires proof that the arrest was lawful."). "The legality of an arrest is an essential element of the charge of resisting arrest without violence under section 843.02 . . . ." D.A. v. State, 636 So. 2d 863, 864 (Fla. 3d DCA 1994) (citing Lee v. State, 368 So. 2d 395 (Fla. 3d DCA 1979)).

The State argues that the arresting officer was engaged in the lawful execution of a legal duty when he attempted to detain J.C. on May 10, 2014, for violating his probation by not being at home early that morning. The officer found J.C. at a nearby home and, believing he was not where he was supposed to be, attempted to take him into custody for a violation of probation. This prompted J.C. to run.

It is undisputed that J.C. took off running, resisting the officer's attempt to take him into custody. However, the State must also establish that the officer's attempt to take J.C. into custody that morning was in fact lawful. See B.D.H., 903 So. 2d at 391; D.A., 636 So. 2d at 864. The State failed to offer into evidence an order of probation or any other proof that a valid order of probation existed on May 10, 2014. Nor did the State present evidence of the terms and conditions of the alleged probation, such as

- 2 -

curfew restrictions. The State thus failed to prove that the officer was in the lawful execution of a legal duty when he attempted to take J.C. into custody for a violation of probation.

Because the State failed to meet its burden of proof, we reverse the order of disposition as to the offense of obstructing or opposing an officer without violence.

Affirmed in part; reversed in part.

SILBERMAN and BADALAMENTI, JJ., Concur.