NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.M.,                                             )
                                                  )
            Appellant,                            )
                                                  )
v.                                                )       Case No.  2D15-4782
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
            Appellee.                             )
_____ )

Opinion filed March 10, 2017.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

            B.M. appeals his final disposition of delinquency for (1) resisting an officer

without violence and (2) burglary of an unoccupied structure.  The basis of the resisting-

without-violence charge was B.M.'s flight from a purportedly lawful Terry[1] stop. The State used this same alleged nonviolent resistance to satisfy the intent element of B.M.'s burglary charge. B.M. contends that the State presented insufficient evidence to demonstrate that the law enforcement officer who attempted to conduct the Terry stop had a well-founded and reasonable suspicion to do so. We agree and reverse B.M.'s disposition for resisting an officer without violence. Because the State used B.M.'s alleged nonviolent resistance as the specific intent necessary to establish a prima facie case for burglary of an unoccupied structure, we must reverse the burglary disposition as well. See § 810.02(1)(b)(1), (1)(b)(4)(a), Fla. Stat. (2015).

At B.M.'s delinquency hearing, the State's first witness was Kristi Sofroni. Mr. Sofroni testified that on January 28, 2015, he was driving his car on the University of South Florida campus when he observed "two kids," a male (the suspect) and a female (the victim). According to Mr. Sofroni, the suspect and the victim were "fighting or . . . grabbing onto each other." Mr. Sofroni described the suspect as being tall and slender, wearing a white tank top with jeans, and riding a bike. Mr. Sofroni observed the victim trying to pull on the suspect's tank top to keep him from riding away on the bike. The suspect was "swinging his arms trying to get [the victim] off him" and managed to "catch her on the jaw," which allowed the suspect to break free and flee on foot. Mr. Sofroni heard the victim yelling, "He stole my phone." Mr. Sofroni attempted to chase down the suspect but could not catch him. He only observed the suspect from behind and thus never saw the suspect's face.

---

[1]Terry v. Ohio, 392 U.S. 1 (1968).

The State's next witness, a detective from the University of South Florida Police Department (USFPD), testified that on the afternoon of that same day, she "responded to an area where individuals had known direction of travel after they committed . . . a strong-arm robbery." The detective explained that she was "able to identify people within the area" who she "believed to be the suspects." One of these suspects, later identified as B.M., was riding a bike in the company of two other individuals riding bikes. The detective testified that B.M. was wearing a white, sleeveless tank top and shorts. The detective activated her police vehicle's lights and attempted to detain B.M. by twice yelling, "Stop, police." The other individuals accompanying B.M. stopped, but B.M. fled on his bike. An officer from the Tampa Police Department apprehended B.M. later that day in a shed located in a fenced residential backyard. B.M. did not have the owner's permission to enter the shed.

B.M.'s delinquency petition initially charged him with (1) robbery by sudden snatching, (2) burglary of an unoccupied structure, (3) battery, and (4) resisting an officer without violence. After the State rested its case, B.M. moved to dismiss the robbery and battery counts, arguing that Mr. Sofroni could not identify B.M. as the suspect who robbed the victim of her phone and battered her in the process. The State conceded that it failed to prove robbery and battery. Accordingly, the trial court dismissed the robbery and battery counts. After closing arguments, B.M. moved for judgments of dismissal on the remaining counts of burglary and resisting an officer without violence, which the trial court denied. The trial court adjudicated B.M. delinquent of both burglary of an occupied dwelling and resisting an officer without violence. The trial court sentenced B.M. to juvenile probation.

A motion for judgment of dismissal in a delinquency proceeding is equivalent to a motion for judgment of acquittal. See Fla. R. Juv. P. 8.110(k). We review an order denying a motion for dismissal in a juvenile proceeding de novo. G.T.J. v. State, 994 So. 2d 1182, 1184 (Fla. 2d DCA 2008). "On such a motion, the evidence must be viewed in the light most favorable to the State, but if the State fails to present sufficient evidence to establish a prima facie case of the crime charged, then a judgment of dismissal is proper." Id. (citing E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003)).

To prove the crime of resisting an officer without violence, the State must prove (1) that the officer was lawfully executing a legal duty and (2) that the defendant acted in such a way as to obstruct or resist the execution of the officer's duty. § 843.02, Fla. Stat. (2015); E.A.B., 851 So. 2d at 311. Knowing defiance of a lawful Terry stop constitutes unlawful resistance without violence. C.E.L. v. State, 995 So. 2d 558, 561 (Fla. 2d DCA 2008) (en banc), approved, 24 So. 3d 1181 (Fla. 2009).

To establish the lawfulness of a Terry stop, "it is necessary for the State to prove that the officer had a reasonable suspicion of criminal activity that would support the detention." Davis v. State, 973 So. 2d 1277, 1279 (Fla. 2d DCA 2008). "A stop is justified when an officer observes facts giving rise to a reasonable and well-founded suspicion that criminal activity has occurred or is about to occur." C.E.L., 24 So. 3d at 1186 (citing Davis, 973 So. 2d at 1279). "[W]hether an officer's well-founded suspicion is reasonable is determined by the totality of the circumstances that existed at the time of the investigatory stop and is based solely on facts known to the officer before the

- 4 -

stop." Id. (first citing Travers v. State, 739 So. 2d 1262, 1263 (Fla. 2d DCA 1999); then citing McCloud v. State, 491 So. 2d 1164, 1165 (Fla. 2d DCA 1986)).

Our supreme court has explained that "as a general rule, flight, standing alone, is insufficient to form the basis of a resisting without violence charge." C.E.L., 24 So. 3d at 1186 (citing Mosley v. State, 739 So. 2d 672, 675 (Fla. 4th DCA 1999)). "There must be some additional factor or factors, which, when combined with flight, would give rise to a reasonable suspicion that criminal activity is afoot." State v. Lewis, 98 So. 3d 89, 92 (Fla. 4th DCA 2012) (quoting Parker v. State, 18 So. 3d 555, 558 (Fla. 1st DCA 2008)). The State contends that the USFPD detective acted within the lawful scope of her duty when she ordered B.M. to stop and that B.M.'s adjudications of delinquency must stand. We disagree.

The State did not present sufficient evidence to establish the detective had a reasonable suspicion to detain B.M. There is no indication that the detective received a description of B.M. before she ordered him to stop. There was no testimony that B.M. was detained in a high crime area. Although Mr. Sofroni testified to a description of the suspect, the State neglected to produce any record evidence to demonstrate that his description of the suspect was conveyed to the detective before she ordered B.M. to stop.[2] According to the detective's testimony, the only information she knew was the time of the robbery and the suspect's known direction of travel. This was not enough for the detective to form a reasonable suspicion that criminal activity was afoot before she ordered B.M. to stop.

---

[2]Notably, Mr. Sofroni's description of the suspect did not even match the detective's description of B.M. Mr. Sofroni testified that the suspect was wearing jeans, whereas the detective testified that B.M. was wearing shorts.

- 5 -

In <u>M.M.H. v. State</u>, 929 So. 2d 628 (Fla. 3d DCA 2006), an officer responded to a call at approximately 11:00 p.m. about "suspicious activity around a suspicious vehicle." <u>Id.</u> at 629. When the officer arrived at the scene, the officer noticed that a vehicle matched the description of a stolen vehicle that had been used during an armed robbery earlier that day. <u>Id.</u> The officer also noticed that the vehicle's engine was still hot and that the robbery victim's belongings were lying next to the vehicle. <u>Id.</u> The officer then observed a juvenile riding his bike in close proximity to that vehicle. <u>Id.</u> When the officer told the juvenile to stop, the juvenile instead rode away. <u>Id.</u> Eventually, the juvenile was apprehended and charged with resisting an officer without violence. The juvenile's motions for dismissal were both denied. On appeal, the Third District reversed, holding that there was no " 'articulable well-founded suspicion of criminal activity' to justify stopping M.M.H." <u>Id.</u> at 630 (quoting <u>D.T.B. v. State</u>, 892 So. 2d 522, 524 (Fla. 3d DCA 2004)). The <u>M.M.H.</u> court reasoned, "[E]ven if a person is within a suspected crime area, flight itself, is insufficient to justify an arrest for resisting arrest without violence." <u>Id.</u> (first citing <u>D.M. v. State</u>, 681 So. 2d 797 (Fla. 2d DCA 1996); then citing <u>S.G.K. v. State</u>, 657 So. 2d 1246 (Fla. 1st DCA 1995)).[3]

Similar to <u>M.M.H.</u>, the detective's only articulated basis to order B.M. to stop was B.M.'s proximity to the robbery suspects' "known direction of travel," coupled with B.M.'s unprovoked flight after the detective ordered him to stop. There were no additional facts articulated by the detective to support her basis to detain B.M. at the

---

[3]Unprovoked flight from attempted detention in a "suspected crime area" is different from unprovoked flight in a "high crime area," the latter of which often forms the basis for reasonable suspicion. <u>See</u> <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124 (2000).

- 6 -

time she ordered him to stop. If the detective had additional information to form a reasonable and well-founded suspicion to order B.M. to stop, she did not convey that information in her testimony. With the detective's limited and conclusory testimony as to what she knew at the time she attempted to execute an investigatory stop of B.M., it is difficult to conclude how B.M., along with two other bicyclists, in the afternoon near a college campus and in the proximity of a reported robbery, was suspicious enough to justify an investigatory stop. Without additional record evidence as to what the detective knew at that time, we are left with what appears to be little more than the detective's hunch that B.M. was one of the suspects, which certainly amounts to less than a reasonable and well-founded suspicion that B.M. had committed the reported robbery. Cf. D.M., 681 So. 2d at 798; F.E.C. v. State, 559 So. 2d 413, 414 (Fla. 2d DCA 1990).

At bottom, the detective did not articulate a reasonable and well-founded suspicion that B.M. had committed a crime so as to conduct an investigatory stop. Accordingly, B.M. did not violate section 843.02 by defying the detective's order to stop. See M.M.H., 929 So. 2d at 629-30. We therefore reverse B.M.'s disposition for resisting an officer without violence. Because the State used B.M.'s alleged nonviolent resistance as the specific intent necessary to establish a prima facie case for burglary of an unoccupied structure, we must reverse the burglary disposition as well. See § 810.02(1)(b)(1), (1)(b)(4)(a); cf. A.D. v. State, 106 So. 3d 67, 70 (Fla. 2d DCA 2013) ("Because the theft charge fails, so too must the burglary charge to the extent it is based on an intent to steal the van."). With no remaining charges in the petition for

delinquency left for disposition, we remand with instructions for the trial court to dismiss the petition.  See G.T.J., 994 So. 2d at 1184.

Reversed; remanded with instructions to dismiss petition.

SILBERMAN and SLEET, JJ., Concur.