NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

B.R.W.,                                           )
                                                  )
                  Appellant,                      )
                                                  )
v.                                                )      Case No. 2D16-664
                                                  )
STATE OF FLORIDA,                                 )
                                                  )
                  Appellee.                       )
                                                  )
_____ )

Opinion filed September 15, 2017.

Appeal from the Circuit Court for
Hillsborough County; Manuel A.
Lopez, Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowitz, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        B.R.W. appeals the disposition order adjudicating him delinquent for

burglary of an unoccupied conveyance.  See § 810.02(1)(b)(1), (4)(b), Fla. Stat. (2014).

He argues that the trial court erred in denying his motion for a judgment of dismissal

because the evidence failed to establish the ownership of the conveyance alleged to

have been burglarized.  We agree, reverse B.R.W.'s disposition, and remand for dismissal of the delinquency petition.

## Background

The State charged B.R.W. with unlawfully entering or remaining in "a certain conveyance, to-wit: vehicle, the property of WILLIAM WHETSTONE, with intent to commit an offense therein."  The evidence at the disposition hearing, viewed in the light most favorable to the State, established the following:

In the early morning of April 10, 2015, Johnny Mays was outside of his apartment building when he heard what sounded like a car crash.  In the distance, Mays saw someone, later identified as B.R.W., rummaging through the passenger compartment and then the trunk of a vehicle.  Mays called the police.  Although B.R.W. left the area during the course of Mays's call, officers apprehended him a short time later based on a description and other information that Mays provided.[1]

An unidentified law enforcement officer went to William Whetstone's residence and told him that police had apprehended someone who had broken into his vehicle.[2]  Whetstone subsequently inspected his vehicle and confirmed that someone had, in fact, broken into the passenger compartment and trunk.

In moving for a judgment of dismissal, B.R.W. argued that the State failed to establish that the vehicle through which Mays had allegedly seen him rummaging

---

[1]The most that we can glean from the record about the location of any of the events pertinent to this appeal is that Mays lived in an apartment complex somewhere around 42nd Street in Hillsborough County and that police apprehended B.R.W. near 42nd Street and Deleuil Avenue.

[2]It is unclear whether law enforcement officers contacted Whetstone in the early morning hours or the late evening hours of April 10, 2015.  Whetstone merely testified that the officer had contacted him "that night."

was Whetstone's vehicle.  Acknowledging only that the State had failed to establish "the make and model" of the vehicle, the trial court denied B.R.W.'s motion.

The trial court found B.R.W. guilty of burglary of an unoccupied conveyance, adjudicated him delinquent, and issued a judicial warning.  B.R.W. timely appealed.

## Analysis

To establish burglary of an unoccupied conveyance, the State must prove, among other things, "the allegation of ownership of the conveyance . . . as alleged in the detention petition or information, since it is a material element of the crime."  L.D.S. v. State, 784 So. 2d 1227, 1228 (Fla. 2d DCA 2001); see also D.S.S. v. State, 850 So. 2d 459, 461 (Fla. 2003) ("Ownership of the building or structure is a material element of the crime of burglary." (citing In re M.E., 370 So. 2d 795, 796 (Fla. 1979))).  This court reviews de novo the trial court's denial of a motion for a judgment of dismissal and will reverse an adjudication of delinquency if competent, substantial evidence, viewed in the light most favorable to the State, does not support each element beyond a reasonable doubt.  See B.M. v. State, 212 So. 3d 526, 528 (Fla. 2d DCA 2017); J.A.M. v. State, 75 So. 3d 816, 816 (Fla. 2d DCA 2011).

Although B.R.W. does not dispute that Mays saw him rummaging through some vehicle outside Mays's apartment building, he argues that the State failed to present sufficient evidence that it was Whetstone's vehicle.  The State responds not by directing us to evidence in the record establishing this element but by contending that "it is readily apparent that everyone concerned was testifying regarding the same vehicle."

To the contrary, it is far from readily apparent. The State failed to establish the make, model, color, license plate number, vehicle identification number, or any other distinguishing characteristic of either the vehicle through which Mays saw B.R.W. rummaging or Whetstone's vehicle. There was no evidence at all concerning where Whetstone lived, let alone establishing that he lived in Mays's apartment complex or anywhere near Mays's apartment complex or that he at least had parked his vehicle there. Although Whetstone testified that he knew B.R.W. from "see[ing] him a couple of times on the street walking around," there was no evidence of where that street was or of any other connection between Whetstone and B.R.W. And, most strikingly, no witness testified concerning the chain of events that culminated in the police knocking on Whetstone's door. If not for the bare fact that Mays and Whetstone were testifying at the same trial about a vehicle burglary that had occurred on April 10, 2015, there would be no indication whatsoever that they were testifying about the same burglary. In short, there was an utter failure of proof on the element of ownership.

## Conclusion

Because no competent, substantial evidence established that Whetstone owned the vehicle through which Mays saw B.R.W. rummaging, the trial court erred in denying B.R.W.'s motion for judgment of dismissal. Accordingly, we reverse B.R.W.'s delinquency adjudication and remand for the trial court to dismiss the petition.

Reversed and remanded with directions.

MORRIS and SLEET, JJ., Concur.