NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

I.K.,                                          )
                                               )
      Appellant,                       )
                                               )
v.                                             )     Case No. 2D16-2186
                                               )
STATE OF FLORIDA,                              )
                                               )
      Appellee.                        )
_____)

Opinion filed October 31, 2018.

Appeal from the Circuit Court for
Hillsborough County; Barbara Twine
Thomas, Judge.

Howard L. Dimmig, II, Public Defender, and
Mathew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katie Salemi Ashby,
Assistant Attorney General, Tampa, for
Appellee.


ATKINSON, Judge.

           After an adjudicatory hearing, I.K. was found guilty of criminal mischief, in

violation of section 806.13(1)(b)(1), Florida Statutes (2015), and resisting an officer

without violence, in violation of section 843.02, Florida Statutes (2015). The court

withheld adjudication of delinquency and placed I.K. on probation. I.K. appeals,

challenging the denial of his motion for judgment of dismissal as to the latter charge of resisting an officer without violence.

A motion for judgment of dismissal, the purpose of which is to test the legal sufficiency of the State's evidence, is reviewed de novo. R.J.K. v. State, 928 So. 2d 499, 502 (Fla. 2d DCA 2006); E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). When the evidence, viewed in the light most favorable to the State, does not establish a prima facie case of the crime, then judgment of dismissal is proper. G.T.J. v. State, 994 So. 2d 1182, 1184 (Fla. 2d DCA 2008); A.R. v. State, 127 So. 3d 650, 653 (Fla. 4th DCA 2013).

At trial, two officers of the Tampa Police Department (the "Department") testified that they received a dispatch call to respond to a residence for a local pickup of I.K. for violation of probation. They explained that the dispatch call—variously described as a "VOP, Local Pickup," a "dispatch call to respond to the residence . . . for a pickup," and "A Violation of Probation Pickup"—was an internal practice of the Department by which officers from the Department check in on juveniles who are on probation. For example, when the terms of probation require the juvenile to be home at a certain time, officers will go to the juvenile's house to see if he is violating his probation. If the officers "don't make contact with that juvenile there," they place a local pickup for that juvenile. The officer puts that information into the Department's system "with radio, as a pickup, so that . . . any law enforcement that comes into contact with him . . . will know he violated that curfew order."

Based on the dispatch call they received, the officers went to I.K.'s house to arrest him. They found him hiding in a closet in the back bedroom. When leading

- 2 -

him out of the apartment, he refused to walk down the stairs so the officers had to physically carry him. Once they got him in the patrol car, he kicked out a window. They had to use a special technique to restrain him.

Section 843.02 provides that resisting an officer in the lawful execution of any legal duty without offering or doing violence to the officer is a first-degree misdemeanor. To adjudicate I.K. delinquent for resisting an officer without violence, the State must prove that "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." C.E.L. v. State, 24 So. 3d 1181, 1185–86 (Fla. 2009).

In determining whether the officer was in the lawful execution of a legal duty, the court "must apply the legal standards governing the duty undertaken by the law enforcement officer at the" time of the defendant's resistance—including the Fourth Amendment and any other relevant requirements of law. C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008) (en banc) (citing Tillman v. State, 934 So. 2d 1263, 1271, 1274 (Fla. 2006)); see Burgess v. State, 313 So. 2d 479, 481 (Fla. 2d DCA 1975) ("While it is unnecessary that an arrestee be guilty of the crime for the arrest to be lawful, still there must be legal grounds for the arrest for it to be valid." (internal citation omitted)); cf. B.M. v. State, 212 So. 3d 526, 530 (Fla. 2d DCA 2017) ("[T]he detective did not articulate a reasonable and well-founded suspicion that B.M. had committed a crime so as to conduct an investigatory stop. Accordingly, B.M. did not violate section 843.02 by defying the detective's order to stop."); D.L. v. State, 87 So. 3d 824, 825 (Fla. 2d DCA 2012) (noting that the State "failed to present sufficient evidence to show that

the officers had a reasonable suspicion that D.L. was trespassing . . . and thus failed to show that the officers were engaged in the lawful execution of their duties when they detained him to investigate that charge").

I.K. contends that the trial court erred by denying his motion for judgment of dismissal because the State failed to introduce the local pickup order, the order of probation that I.K. was under suspicion of having violated, or any other evidence proving that I.K.'s arrest for violation of probation was lawful. The State argues that the officer's testimony about the dispatch call was sufficient to prove that the officers were engaged in the lawful execution of their legal duty at the time of I.K.'s arrest. The State contends that the "local-pickup" dispatch call is similar to a BOLO (a "be-on-the-lookout") dispatch, pursuant to which an officer's stop of a suspect has been found to constitute the execution of a legal duty supporting an adjudication of delinquency for resisting an officer. See S.D.T. v. State, 33 So. 3d 779, 780 (Fla. 4th DCA 2010).

The State is correct in comparing the dispatch call in this case to a BOLO. The officers were taking action based upon a communication received by others in their law enforcement agency, informing them that the juvenile was under suspicion of having violated the terms of his probation. And under certain circumstances, the "local pickup" dispatch, a system for intra-officer communication, could be utilized to establish the lawful execution of a legal duty under the fellow officer rule to support an adjudication of delinquency for resisting an officer without violence. See id. (finding BOLO sufficient to prove that the officer had reasonable suspicion to make an investigatory stop in lawful execution of his legal duty); State v. Bowers, 87 So. 3d 704, 707 (Fla. 2012) (explaining that "the fellow officer rule provides that if an officer relies on a chain of evidence to

- 4 -

formulate the existence of probable cause for an arrest or a search and seizure," an officer is not required "to possess personal knowledge of each link in the chain of information if the collective knowledge of all the officers supports a finding of probable cause").

Here, however, the State adduced no proof that the juvenile was on probation at all, much less what the terms of his probation were and whether there was probable cause to believe he had violated those terms in order to justify an arrest. See § 985.101(1)(d), (4), Fla. Stat. (2015). It merely proved that the officers received direction to take I.K. into custody for violating his probation.

Another's knowledge of probable cause to believe that I.K. violated a specific condition of his probation might very well have motivated the dispatch call; and that knowledge could be imputed to the arresting officers despite their ignorance of those details. However, to establish that these officers were lawfully executing a legal duty when they took I.K. into custody, the State was required to adduce evidence establishing the factual basis for that probable cause. See, e.g., J.C. v. State, 205 So. 3d 830, 831 (Fla. 2d DCA 2016) (finding State had not proven the lawful execution of a legal duty of taking juvenile into custody for violating curfew after officer observed he was not at home because State "failed to offer into evidence an order of probation or any other proof that a valid order of probation existed . . . [or] evidence of the terms and conditions of the alleged probation, such as curfew restrictions"). It failed to do so here.

Because the State adduced insufficient evidence to establish that taking I.K. into custody for violating his probation was a lawful execution of a legal duty, the trial court should have granted I.K.'s motion for dismissal of the charge of resisting an

officer without violence.  Accordingly, we must reverse the adjudication of delinquency for resisting an officer without violence.  We affirm the adjudication of delinquency for criminal mischief.

Affirmed in part; reversed in part; remanded.


LaROSE, C.J., and MORRIS, J., Concur.