NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

L.C., )
             )
             Appellant, )
             )
v. )        Case No. 2D18-1398
             )
STATE OF FLORIDA, )
             )
             Appellee. )
_____ )

Opinion filed November 6, 2019.

Appeal from the Circuit Court for
Manatee County; Lon Arend, Judge.

Howard L. Dimmig, II, Public Defender,
and Timothy J. Ferreri, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Cerese Crawford
Taylor, Senior Assistant Attorney
General, Tampa, for Appellee.


ATKINSON, Judge.

          L.C. appeals the trial court's disposition order adjudicating him delinquent

and placing him on probation for committing the delinquent act of making a false report

concerning the use of a firearm in a violent manner. See § 790.163(1), Fla. Stat.

(2018). He argues that the trial court erred in denying his motion for judgment of

dismissal because his conduct did not amount to a violation of the statute. Because he did not make a false report, we reverse.

On February 21, 2018, L.C. and three other students sat at a table at their middle school discussing a gun threat that had occurred at another middle school and caused ninety percent of the students to be absent. They also discussed how the students who did attend school that day had to get their bags checked. L.C. said that he gets his bag checked almost every morning because he brings lighters and knives to school. After one of the students asked L.C. why, he responded that he hates the school, does not like his teachers, and "wanted to kill them and shoot the school." He then pointed out four students sitting at a table nearby that he wanted to kill. While L.C. "said that he was going to kill somebody," he did not say "he was going to kill somebody right at that moment," "right then and there."

Two of the students reported the incident to the school administration and filled out affidavits describing what L.C. had said. After a deputy sheriff resource officer spoke with the students who were present during the incident, he interviewed L.C. after reading him his Miranda[1] rights. L.C. admitted to pointing at other students that he had said he would kill, but he said he was only joking. L.C. denied saying that he hated his teachers. He only said that he disliked them and did not say anything about harming them. Because the officer was concerned about L.C. having a weapon, he searched his backpack and found nothing. He also searched L.C.'s home but did not find any weapon that L.C. would have access to.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

The State filed a petition alleging that L.C. committed the delinquent act of making a false report concerning the use of firearms in a violent manner. Defense counsel filed a motion for judgment of dismissal, arguing that the State failed to prove that L.C. made a false report. The trial court denied the motion, adjudicated L.C. delinquent, and placed him on probation.

The denial of a motion for judgment of dismissal in a delinquency proceeding is reviewed de novo. B.M. v. State, 212 So. 3d 526, 528 (Fla. 2d DCA 2017) (citing G.T.J. v. State, 994 So. 2d 1182, 1184 (Fla. 2d DCA 2008)). There is sufficient evidence to sustain an adjudication of delinquency if, after viewing the evidence in a light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt. C.E.L. v. State, 995 So. 2d 558, 560 (Fla. 2d DCA 2008), aff'd, 24 So. 3d 1181 (Fla. 2009). Questions of statutory interpretation are also reviewed de novo. Mendenhall v. State, 48 So. 3d 740, 747 (Fla. 2010).

Section 790.163(1) provides the following:

It is unlawful for any person to make a false report, with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, dynamite, or other deadly explosive, or weapon of mass destruction . . . or concerning the use of firearms in a violent manner against a person or persons.

(Emphasis added.) "Proof that a person accused of violating this section knowingly made a false report is prima facie evidence of the accused person's intent to deceive, mislead, or otherwise misinform any person." § 790.163(3).

Courts must afford statutory language "its plain and ordinary meaning, giving due regard to the context within which it is used." Hampton v. State, 103 So. 3d

98, 110 (Fla. 2012). A reasonable reader would understand making a report to mean providing information about something that is occurring or has already occurred, not expressing a desire or an intention to do something in the future. The American Heritage Dictionary defines "report" as "[a] spoken or written account of an event, usually presented in detail" or "[c]ommon talk, rumor, or gossip." American Heritage Dictionary 1490 (5th ed. 2011); see also Green v. State, 604 So. 2d 471, 473 (Fla. 1992) ("[T]he plain and ordinary meaning of [a] word can be ascertained by reference to a dictionary." (citing Gardner v. Johnson, 451 So. 2d 477, 478 (Fla. 1984))).

L.C.'s statements do not fall within the plain and ordinary meaning of "report." It is not possible to infer from L.C.'s statements anything more than the expression of a desire to shoot people and an inchoate intention to fulfill that desire. At most, L.C.'s statements amount to a threat. The American Heritage Dictionary defines "threat" as "[a]n expression of an intention to inflict pain, harm, or punishment" or "[a]n indication of impending danger or harm." American Heritage Dictionary 1813 (5th ed. 2011). As troubling as such a threat may be, it is not proscribed by the statute. Cf. J.L. v. State, 993 So. 2d 103, 103 (Fla. 5th DCA 2008) ("Section 790.163(1) . . . is therefore violated when a person knowingly makes a false report that a bomb or other deadly explosive has been placed or planted. By contrast, a threat to plant a bomb in the distant future does not violate this statute." (citing D.B. v. State, 825 So. 2d 1042, 1042–44 (Fla. 1st DCA 2002))).

If L.C. had threatened to plant a bomb in the school, he would have run afoul of the law—but not the statute with which he was charged for his shooting statements. Section 790.162 makes it unlawful to threaten to place a bomb, but that

- 4 -

statute does not mention threats concerning the use of firearms in a violent manner. In other words, chapter 790 criminalizes a threat to place a bomb as well as a false report that a bomb has been placed but only criminalizes a false report of the use of firearms in a violent manner. Compare § 790.162 with § 790.163. When the legislature has included a provision in one statute but omitted it in a related statute, courts should not read it into the statute from which it has been excluded. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So. 2d 911, 914 (Fla. 1995) (declining to "imply [a term] where it has been excluded" when the term was used in one section governing the implied warranty for developers but not another implied-warranty section governing contractors); see also Cason v. Fla. Dep't of Mgmt. Servs., 944 So. 2d 306, 315 (Fla. 2006) ("[W]e have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question." (quoting Rollins v. Pizzarelli, 761 So. 2d 294, 298 (Fla. 2000))).

Section 790.163, the statute with which L.C. was charged, is "violated when a person knowingly makes a false report," but not when a person "threat[ens] to take some action in the future." D.B., 825 So. 2d at 1042.

> As a matter of plain English, there is a distinction between a statement that "there is a bomb in the building" and a statement . . . that "I'm going to blow up the [building]."
> . . . .
> An individual may truthfully threaten to explode a bomb in a building without making a false statement. Similarly, one may transmit a false statement or rumor that there is a bomb in a building without ever threatening, or communicating an intent, to explode a bomb.

Id. at 1043 (quoting Moosavi v. State, 736 A.2d 285, 291–92 (Md. 1999)). A false report concerning the violent use of a firearm would violate section 790.163, but a threat to

inflict such violence in the future would not. L.C.'s statements—even if understood to communicate a design as well as a desire to shoot students and teachers—merely communicated a plan to inflict future harm.

Because L.C.'s expression of his desire to shoot people at his school does not violate the false reporting prohibition in section 790.163, we reverse the trial court's order adjudicating him delinquent and remand for the trial court to enter an order granting L.C.'s motion for judgment of dismissal.

Reversed and remanded with directions.

SILBERMAN and LaROSE, JJ., Concur.